IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT L. GABRIEL, III,

                      Plaintiff,                  Case No. 3:14 CV 2566

    -vs-

                                            <u>MEMORANDUM OPINION</u>

CITY OF TOLEDO,

                      Defendant.

KATZ, J.

       Plaintiff Robert L. Gabriel, III has moved to amend his complaint (Doc. Nos. 7, 8), the result of which would remove all federal allegations from his complaint, depriving the Court of jurisdiction over this action. Gabriel has also moved to remand the case to state court. (Doc No. 7). The Defendants have filed a response (Doc. No. 9) and Gabriel has filed a reply. (Doc. No. 10).

       On November 12, 2014, Gabriel filed his complaint in the Lucas County Ohio Court of Common Pleas. In his complaint, Gabriel alleged violations of 42 U.S.C. §§ 1985 and 2000e-2, along with various state claims. (Doc. No. 1–1, p. 2). On November 21, 2014, the Defendants removed the case from state court to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. No. 1, p. 1).

       On December 10, 2014, Gabriel moved to amend his complaint to remove the § 1985 and § 2000e-2 allegations. With the removal of the federal allegations in the amended complaint, Gabriel requested that the case be remanded to the Lucas County Court of Common Pleas.

       The Defendants oppose the motions for leave to amend the complaint and for remand. The Defendants argue that the sole reason for the amendment is to manipulate the forum and deprive this Court of jurisdiction.

" Federal Rule of Civil Procedure 15(a)(1) authorizes a plaintiff to amend the complaint once as a matter of course within twenty-one days of service of the complaint, a responsive pleading, or a motion to dismiss." *Springs v. United States Dep't of Treasury*, 567 F. App'x 438, 442 (6th Cir. 2014). After this twenty-one day window has expired, a plaintiff may amend the complaint only with leave of court or the defendant's written consent. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) instructs the courts to freely give leave when justice requires and sets forth a "liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Rule 15(a) does not give plaintiffs unbridled authority to amend a complaint. A motion for leave to amend a complaint may be denied when the motion is the product of undue delay, bad faith, or dilatory motive; the amendment would cause undue prejudice to the opposing party; the plaintiff repeatedly failed to cure deficiencies in the complaint with previous amendments; or the amendment of the complaint would be futile. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Defendants concede that service of process was served upon the City of Toledo on November 14, 2014. (Doc. No. 1, p. 2). On December 9, 2014, three of the four defendants filed an answer. (Doc. No. 6). Gabriel moved and tendered his amended complaint the next day. (Doc. Nos. 7, 8). Because Gabriel is permitted to amend his complaint as a matter of course within twenty-one days of the Defendants' answer, *Springs*, 567 F. App'x at 442, the motion to amend is granted. As the amended complaint is void of any allegation conferring jurisdiction upon this Court, the Court is without jurisdiction to entertain the complaint.

**Conclusion**

Accordingly, Gabriel's motion to amend his complaint is granted. (Doc. Nos. 7, 8). As the Court lacks jurisdiction over the dispute, the case is remanded to the Lucas County Ohio Court of Common Pleas.

IT IS SO ORDERED.

                                                   s/ *David A. Katz*
                                                   DAVID A. KATZ
                                                   U. S. DISTRICT JUDGE